UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher J. Zervas, et al.,            Case No. 3:15 cv 1839

        Plaintiffs

    v.                                    MEMORANDUM OPINION

Pella Corporation, et al.,

        Defendants

In August 2015, Plaintiffs Christopher Zervas, Leslie Zervas and Express Services, Inc. filed suit in the Lucas County Common Pleas Court against Pella Corporation and Ryder Transportation Management. The Defendants jointly removed this action on the basis of complete diversity under 28 U.S.C. § 1332. (Doc. No. 1).

This matter is now before me on Christopher and Leslie Zervas' motion to remand (Doc. No. 14), as well as the Defendants' opposition (Doc. Nos. 15 and 16). For the reasons that follow, I find the Plaintiffs' motion is not well taken.

### DISCUSSION

Under 28 U.S.C. § 1332 (a)(1), this Court has original jurisdiction in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different States."

In this instance, Plaintiffs contend a lack of subject matter jurisdiction because they believe the Defendants "erroneously asserted that Plaintiff Express Services, Inc. is an Ohio corporation." (Doc. No. 14, pp. 2-3). Plaintiffs attach copies of filings with the Ohio Secretary of State, which

reflect Express Services to be a foreign corporation of the State of Colorado. Plaintiffs argue there is a lack of complete diversity amongst the Plaintiffs and request remand back to the state court.

For purposes of removal jurisdiction, the court looks to the case at the time it was filed in state court and again at the time of removal. *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). The party asserting jurisdiction bears the burden of proof on this issue. *See Cutshall v. Sundquist*, 193 F.3d 466, 471 (6th Cir. 1999) citing *Steel Company v. Citizens for a Better Env't,* 523 U.S. 83, 118 S.Ct. 1003, 1016-17, 140 L.Ed.2d 219 (1998).

Under 28 U.S.C. § 1332(c), a corporation is a citizen of every state and foreign state in which it is incorporated and of the state or foreign state where its principal place of business is located. As reiterated by the Supreme Court, "Since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806), we have read the statutory formulation "between . . . citizens of different States" to require complete diversity between all plaintiffs and all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 436 (1996)." *Lincoln Property Co. v. Roche*, 546 U.S. 80, 89 (2005)

In their notice of removal, the Defendants state that "Plaintiff Express Services, Inc. is an Ohio corporation and self-insured employer under the workers' compensation laws of the state of Ohio." (Doc. No. 1 at p. 3). However, even if Express Services is a Colorado corporation, as asserted by the Plaintiff, there is still complete diversity between the parties. As correctly noted by Defendants, complete diversity is defined as "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)).

Here, the Zervas' are Ohio residents and Express Services appears to be a citizen of Ohio and Colorado. The Defendants are domiciled in Iowa (Pella Windows & Doors, Inc.), Florida and Michigan (Ryder Transportation Management and Ryder Integrated Logistics, Inc.). As there is

complete diversity between the plaintiffs and defendants, the dictates of the statute are met and I find there is complete diversity of citizenship under § 1332.

### CONCLUSION

For these reasons, Plaintiffs' motion for remand (Doc. No. 14) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
